property to be taken upon legal process, with intent to give a preference to the execution creditors, and thereby committed the act of bankruptcy charged against him in the petition, and the adjudicated cases leave no room for doubt upon this question. In re Black [Case No. 1,457]; In re Craft [Id. 3,316]; In re Dibblee [Id. 3,884]; In re Wells [Id. 17,-388]; Campbell v. Traders' Nat. Bank [Id. 2,-370]; Beattie v. Gardner [Id. 1,195]; Rison v. Knapp [Id. 11,861].

The debtor, as before stated, was confessedly insolvent when sued and when his property was taken on the execution, and he took no steps to prevent a judgment, or his property from being thus taken; he therefore suffered an act to be done which he might have prevented, which necessarily resulted in a preference in favor of the judgment creditors, and the law presumes that he intended the natural consequences of his acts. The result of his inactivity being necessarily to give a preference to the creditors suing, he is in law chargeable with having intended to effect that purpose.

I think the act of bankruptcy first charged in the petition clearly proven, and I therefore adjudge the debtor to be a bankrupt, and subject to the provisions of the bankrupt act. It is unnecessary at this time to consider the other questions presented by the counsel.

Consult, also, In re Haughton [Id. 6,223]; Wright v. Filley [Id. 18,077]; Kohlsaat v. Hoguet [Id. 7,919].

## Case No. 6,338.

### In re HELLER et al.

[32 Leg. Int. 136.] [1]

District Court, S. D. New York. March 30, 1875.

BANKRUPTCY—VERIFICATION OF INVOLUNTARY PETITION.

An involuntary petition in bankruptcy cannot be verified before a notary public.

An involuntary petition in bankruptcy was filed by several creditors of the firm of Heller Bros. & Co., for an adjudication of said firm as bankrupts. This was opposed by the counsel for the debtors upon the ground that the original petition was not properly verified—verification having been made before a notary public, and not before a judge, register, or commissioner, as provided by section 5017, c. 2, tit. 61, of the Revised Statutes.

BLATCHFORD, District Judge, rendered a decision dismissing the petition and all the proceedings, and denying the motion for an adjudication, upon the ground that the petition was not properly verified before a notary public.

[1] [Reprinted by permission.]

## Case No. 6,339.

### In re HELLER.

[5 N. B. R. 46; [1] 41 How. Pr. 213.]

District Court, S. D. New York. June, 1871.

BANKRUPTCY—AMENDMENT TO SCHEDULE.

1. A register has the right to allow amendments to the schedules on the ex parte application of the bankrupt, at any time while the cause is pending before him, but it is the better practice, if there shall have been an appearance on the part of creditors, to issue an order to show cause, &c., and to require due notice of such application to be given.

[Cited in Re Blaisdell, Case No. 1,488; Re Dole, Id. 3,965.]

2. It is the duty of the bankrupt to amend his schedules so as to make them conform to the facts, and that the filing of specifications does not deprive him of that right or release him from that duty.

3. The register should allow all necessary and proper amendments whenever a proper cause therefor is shown.

By JOHN FITCH, Register:

Upon affidavits and upon all the pleadings and proceedings in this cause, the bankrupt moves to amend Schedule A attached to his petition for adjudication in bankruptcy, by striking out certain debts which were inserted in a previous amendment through a mistake of the law, the debts having been contracted by the bankrupt since the filing of his petition. Since the adoption of the code of procedure by the legislature of this state, amendments to any pleadings or proceedings are allowed virtually as a matter of course, and are within the discretion of the court, and being allowed whenever proper cause is shown. Sections 172–174, Code. The practice of the state courts under section 173 of the Code, which section of the Code is as follows: "The court may, before or after judgment, in furtherance of justice and in such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved,"—has been settled by the following decisions: Amendment before trial, matter of course. Troy & B. R. Co. v. Tibbits, 11 How. Pr. 170; Daguerre v. Orser, 3 Abb. Pr. 86. Reasonable excuse for defect sufficient. Harrington v. Slade, 22 Barb. 164. See, further, Merchant v. New York Life Ins. Co., 2 Sandf. 669, 2 Code R. 66, 87; Chapman v. Webb, 1 Code R. (N. S.) 388. Summons may be amended after judgment. Sluyter v. Smith, 2 Bosw. 673. See, also [Davidson v. Powell], 13 How. Pr. 287. Affidavits may be amended [Furman v. Walter] Id. 350. A

[1] [Reprinted from 5 N. B. R. 46, by permission.]